ANNA BEVERLY, Appellant, v. NORTHERN LIFE ASSOCIATION.

Assessment Insurance Policy: STIPULATION AS TO SUICIDE: *Change* *in statutes.*  Code, section 1782, amended by Laws Twenty-seventh General Assembly, chapter 46, taking effect July 4, 1898, provides that no life insurance company or association shall make any distincton between persons insured of the same class and equal expectancy of life in the amount of premiums or other dividends payable on policies, or in any other of the terms and conditions of the contract it makes. *Held*, that where a life insurance association organized and operating under the laws controlling stipulated premium associations inserted in a policy issued December 31, 1896, on the life of one who died by suicide April 21, 1898, a stipulation that death by suicide within two years should not be one of the risks assumed, and that in such case the amount of premiums actually paid, with 4 per cent. interest, should be the extent of liability, such stipulation was not forbidden by Code, section 1782, since, until the amendment, that section did not apply to stipulated premium associations.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

THURSDAY, JANUARY 17, 1901.

PLAINTIFF's demurrer to the defendant's answer was overruled, and from that ruling plaintiff appeals.—*Affirmed.*

*Binford & Snelling* for appellant.

*J. L. Carney* for appellee.

GIVEN, C. J.—I.   The plaintiff, the beneficiary named therein, brings this action to recover upon a policy of life insurance issued by the defendant on the thirty-first day of December, 1896, on the life of Charles Beverly, who died on the twenty-first day of April, 1898.   The defendant answered, averring "that it is incorporated as a life insurance association, and duly authorized to transact business in the state of Iowa under the law controlling stipulated premium associations." It further alleges the following as one of the conditions and agreements contained in said policy:   "Death of the insured by suicide within two years from the date of this certificate of membership and policy of insurance, whether voluntary or involuntary, sane or insane at the time, is not a risk assumed hereunder, but in every such case there shall be payable to the beneficiary herein named a sum equal to the actual payments which have been made by the insured, together with interest at the rate of four per cent. per annum, and shall constitute a complete fulfillment of all obligations of the association hereunder."   It further alleges that the death of said Charles Beverly occurred within two years from the date of the contract, and that he came to his death by his own hand.   Plaintiff demurred to the answer upon the ground that said provision in the contract in relation to suicide is contrary to section 1782 of the Code, and therefore void, and no defense to this action.   It is conceded that insurance companies and associations may contract in such terms as not to assume the risk of death by suicide, whether sane or insane.   Appellant contends that the power given to

the defendant's board to pay more than the payments made
by the members, at their discretion, in cases of death by sui-
cide, authorizes a discrimination forbidden by said section,
and, therefore, that part of the contract is void. Defendant
contends that, being incorporated as a life insurance asso-
ciation under the law controlling stipulated premium asso-
ciations, said section 1782 did not apply to defendant at the
time the contract was made, nor at the time of the death of
the assured. Defendant also contends that said clause in the
contract does not authorize discrimination in violation of
said section. Said section 1782 is in chapter 6, title 9, of
the Code, entitled "Of Life Insurance Companies," and is
as follows: "Sec. 1782. No life insurance company shall
make or permit any distinction or discrimination between
persons insured of the same class and equal expectancy of
life in the amount of payment of premiums or rates charged
for policies of life or endowment insurance, or in the divi-
dends or other benefits payable thereon, or in any other of the
terms or conditions of the contract it makes; nor shall any
such company or agent thereof make any contract of insur-
ance agreement, other than as plainly expressed in the pol-
icy issued; nor shall any such company or agent pay or allow,.
directly or indirectly, as an inducement to insurance, any
rebate of premium payable on the policy or any special favor
or advantage in the dividends or other benefits to accrue
thereon, or any valuable consideration or inducement what-
ever, not specified in the policy or contract of insurance."
The defendant being, as it alleges, and as the demurrer ad-
mits, a life insurance association under the law controlling
stipulated premium associations, it is clearly operating un-
der chapter 7, title 9, entitled "Of Stipulated Premium As-
sessment Life Insurance Associations." Said section 1782
is not only found in the chapter entitled "Of Life Insurance
Companies," but by its express language was limited to life
insurance companies until the enactment of chapter 46,

Laws Twenty-seventh General Assembly, amending said sec-
tion by inserting the words "or associations." This amend-
ment was approved April 7, and took effect July 4, 1898,
which was after this contract was made, and after the death
of the assured. We are of the opinion that said section 1782
does not apply to this case, and therefore the demurrer was
properly overruled. Having so concluded, we need not in-
quire whether the clause of the contract quoted above would
be in violation of that section. The answer shows that be-
fore the beginning of this action defendant had been gar-
nished on a judgment against the plaintiff in the district
court, and in response to the garnishment had deposited with
the clerk more than the amount due to the plaintiff on ac-
count of premiums paid by the deceased. This is a proper
matter in defense to the right to recover for such premiums.
We think the demurrer was properly overruled, and the judg-
ment is therefore AFFIRMED.